# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-260V
Filed: August 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SANDRA E. HORVATH, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \*   Attorneys' interim costs decision; |
| | \*   respondent defers to Special |
| | \*   Master's discretion |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael A. Firestone, San Mateo, CA, for petitioner.
Linda S. Renzi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' INTERIM COSTS[1]

On March 13, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging she developed injuries including mixed connective tissue disease as a result of her receipt of influenza ("flu") vaccine. On August 29, 2017, the undersigned held an entitlement hearing.

On July 31, 2018, petitioner filed an application for interim costs. Petitioner is not seeking attorneys' fees at this time. Petitioner requests $3,000.00 in petitioner's personal costs for Dr. S. Sohail Ahmed's retainer, $2,727.46 in attorneys' costs related to Dr. Ahmed's travel to Washington D.C. for hearing testimony, and $66,088.53 incurred by Dr. Ahmed for unpaid

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

service fees from December 26, 2015 to April 27, 2018 and travel expenses.[2]

On August 10, 2018, respondent filed a response to petitioner's motion explaining he does not challenge the good faith or reasonable basis requirements in this case. Resp. at 2 n.1. Should the undersigned find an award of interim attorneys' fees and costs is appropriate, respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award." Id. at 3.

On August 27, 2018, the undersigned's law clerk contacted petitioner's counsel to file a statement from Dr. Ahmed providing billing entries indicating the tasks performed and the number of hours expended on each task for the period from December 26, 2015 to January 15, 2016. Petitioner filed Dr. Ahmed's statement on the same day.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that an award of interim attorneys' costs is appropriate at this juncture in the case. The undersigned also finds an hourly rate of $500.00 requested for Dr. Ahmed and the 137.56 hours spent on the case reasonable. Therefore, the undersigned **GRANTS** petitioner's application for interim costs. **Accordingly, the court awards:**

a. **$3,000.00,** representing petitioner's personal costs. The award shall be in the form of a check made payable jointly to petitioner and Marvin Firestone, MD, JD & Associates, LLP in the amount of **$3,000.00**;

b. **$2,727.46**, representing attorneys' costs. The award shall be in the form of a check made payable jointly to petitioner and Marvin Firestone, MD, JD & Associates, LLP in the amount of **$2,727.46**; and

c. **$66,088.53**, representing an unpaid balance of expert's fees and costs incurred by Dr. S. Sohail Ahmed. The award shall be in the form of a check made payable jointly to petitioner and Marvin Firestone, MD, JD & Associates, LLP in the amount of **$66,088.53**.

---

[2] In her application for interim costs, petitioner stated "Dr. Ahmed has incurred $74,205.85 for services provided and travel related expenses." Doc 80, at 1. Based on the invoices and receipts provided by petitioner, Dr. Ahmed incurred $65,862.85 for services provided and $225.68 for travel expenses. Id. at 3-19. Thus, the undersigned finds a $66,088.53 balance for Dr. Ahmed's expert fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: <u>August 28, 2018</u>                              <u>/s/ Laura D. Millman</u>
                                                                    Laura D. Millman
                                                                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.