# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 18, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| S.E.H., | * | No. 15-260V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Michael A. Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 13, 2015, S.E.H. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). On January 4, 2016, petitioner filed an amended petition. Petitioner alleged that an influenza ("flu") vaccine administered on September 20, 2012 caused her mixed connective tissue disease or, in the alternative, caused significant aggravation of an underlying autoimmune disease that was previously asymptomatic. An entitlement hearing was held on August 29, 2017 and was followed by post-hearing briefing. On December 20, 2018, the assigned special master issued her Decision denying compensation and dismissing the petition.[3]

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on June 13, 2019 for resolution of attorneys' fees and costs.

On March 6, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 99 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $141,275.69 (representing $136,842.50 in fees and $4,433.19 in costs). Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred $2,939.03 in costs related to the prosecution of her petition. *Id.* Respondent responded to the motion on March 12, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. at 2–3 (ECF No. 100). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, I do not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, I find that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't*

*of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Michael Firestone, $260.00 per hour for work performed in 2015, $269.62 per hour for work performed in 2016, $279.60 per hour for work performed in 2017, and $289.39 per hour for work performed in 2018; for Mr. Marvin Firestone, $414.80 per hour for work performed in 2015 and 2016, $430.15 per hour for work performed in 2017, and $445.12 per hour for work performed in 2018; and for nurse-paralegal Pat Barrick, $165.00 per hour for work performed in 2015, $171.11 per hour for work performed in 2016, $177.44 per hour for work performed in 2017, and $183.65 per hour for work performed in 2018. Fees App. at 38-39.

The rates requested, with the exception of Mr. Marvin Firestone's 2015 rate, are consistent with what these individuals have previously been awarded for their work in the Vaccine Program. *See Cagle v. Sec'y of Health & Human Servs.*, No. 16-693V, 2019 WL 1894410, at *2 (Fed. Cl. Spec. Mstr. Mar. 28, 2019). For work done in 2015, Mr. Firestone has consistently been awarded $400.00 per hour. *See Stanford v. Sec'y of Health & Human Servs.*, No. 14-1216V, 2016 WL 3176599, at *1 (Fed. Cl. Spec. Mstr. May 16, 2016). The billing records indicate that Mr. Firestone billed 2.3 hours in 2015. Fees App. at 38. Accordingly, the award of fees shall be reduced by **$34.04**.

### b. Hours Expended

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, I find the overall hours require some reduction. First, petitioner's counsel billed their full rates for time spent traveling. Fees App. at 58-59. In the Vaccine Program, special masters have consistently compensated travel time at one-half an attorney's usual rate absent evidence that casework was being performed while traveling. *See Scott v. Sec'y of Health & Human Sers.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. Jun 5, 2014). Although two of the travel entries (an entry by Marvin Firestone on 8/27/17 and an entry by Michael Firestone on 8/30/17) seem to imply that some work was performed on travel days, counsel has not delineated specifically how much of the travel time was spent working.[5] Accordingly, the entire travel time will be compensated at one-half of the amount billed, resulting in a reduction of **$7,568.52**.

I also find the amount of time billed for the entitlement hearing to be excessive. The billing records reflect that Marvin Firestone billed 12.5 hours and Michael Firestone billed 13.5 hours on 8/29/18 for not only attending the hearing, but also on travel to and from the hearing and for meals with the client and expert. Upon review of the transcript, I note that the entitlement hearing began at 9:25 AM and concluded at 8:02 PM, with 30 minutes for lunch in the middle of the day, resulting in 10.1 hours of billable time. *See* Transcript, ECF No. 64. I will also credit 1.0 additional hours to cover travel (at half time) and for any additional witness preparation that was performed on trial day.[6] This results in a further reduction of **$1,273.25**. Petitioner is therefore awarded final attorneys' fees of **$127,966.69**.

c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,433.19 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, and travel expenses for counsel and petitioner's expert to attend the entitlement hearing in Washington, DC. Fees App. Ex. 2 at 1. Upon review of the submitted documentation, I find that several reductions must be made.

First, petitioner requests $765.45 for meals while in Washington, DC for the entitlement hearing. Fees App. at 12. However, petitioner has only provided receipts to support $447.95 worth of meals. *Id.* at 14-16. Furthermore, of that $447.95, $49.10 was spent exclusively on wine at the

---

[5] For example, the entry by Michael Firestone is for 13.6 hours and reads as follows: "Discuss case strategy with client and expert and return travel to SFO and then San Leandro by Uber and car (13.5); Review Order re briefing schedule and ECF Filing (.1)." Fees App. at 59. Although Mr. Firestone took care delineating travel time versus time spent reviewing the subsequent order, this entry does not allow me to ascertain how much of the 13.5 hours was spent discussing case strategy and how much was purely travel.

[6] Given that counsel billed 10 hours on the previous day for preparing witnesses, only minimal witness preparation on the day of trial should have been necessary.

Cure Bar & Bistro at the Grand Hyatt where petitioner's counsel was staying. *Id.* at 16. "The Vaccine Program does not reimburse for alcoholic beverages." *Schmidt v. Sec'y of Health & Human Servs*, No. 11-620V, 2017 U.S. Claims LEXIS 39, at *8 (Fed. Cl. Spec. Mstr. Jan. 4, 2017) (deducting the costs of the beer and accompanying tax from Petitioner's meal); *Bhuiyan v. Sec'y of Health & Human Servs.*, No. 05-1269V, 2015 U.S. Claims LEXIS 548, at *23 (Fed. Cl. Spec. Mstr. Apr. 16, 2015). For these reasons, I shall reimburse petitioner $398.85 for her counsels' meals, resulting in a reduction of **$366.60**.

Next, petitioner requests a total of $172.80 for "uber from San Mateo to SFO, and from Dullas [sic] Airport to downtown Washington DC" and "additional airline expense for travel to hearing in Washington DC and cab fares." Fees App. at 12. However, the total of the submitted receipts for Uber car service and for purchasing WiFi on the airplane total $89.97. *Id.* at 21-27.[7] Because petitioner has failed to substantiate the rest of these travel costs, I shall reduce the award of costs by **$82.83.**

Finally, petitioner requests a total of $339.50 in photocopy charges. This figure was computed by charging $0.50 per page for 679 pages copied in office. Fees App. at 12. I find this amount per page to be unreasonably high and shall instead compensate petitioner at $0.25 per page for photocopies. *See English v. Sec'y of Health & Human Servs.*, No. 00-61V, 2006 WL 349805, at *15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006); *see also Warfle v. Sec'y of Health & Human Servs.*, No. 05-1399V, 2012 WL 4845635, at *37 (Fed. Cl. Spec. Mstr. Sept. 21, 2012) (finding rate of 13 to 24 cents per photocopied page to be reasonable). This results in a reduction of **$169.75**. In sum, petitioner is entitled to final attorneys' costs of **$3,814.01**.

   d. **Petitioner's Costs**

Pursuant to General Order No. 9, petitioner states that she has personally incurred costs of $2,939.03 for the Court's filing fee, travel expenses related to attending the entitlement hearing, and for a medical appointment. Fees App. at 76. This amount also requires some reduction.

First, petitioner's flight itinerary indicates that she arrived in Washington, DC on Saturday, August 26, 2017, two full days before the hearing commenced on Tuesday, August 29, 2017 *Id.* at 88. Petitioner has not offered any explanation to indicate why it was necessary for the prosecution of her case to arrive in Washington two days before the hearing. Moreover, her counsel's flight itinerary indicates that he did not arrive in Washington, D.C. until the evening of August 27, 2017. *Id.* at 26. Accordingly, I do not find the cost of petitioner's accommodations for the night of August 26, 2017, or her related meal expenses, to be reasonable or necessary litigation costs. Petitioner's submitted hotel receipt does not indicate a per night rate for their hotel. Because petitioner stayed a total of four nights in Washington, DC, I reduce the hotel cost by 25%, or $174.88. Fees App. at 91. Additionally, Petitioner billed one meal for $50.60 on August 26 that will also not be reimbursed. *Id.* at 78. This results in a total reduction of **$225.48**. *Accord Broekelschen v. Sec'y of*

---

[7] Petitioner has also included one receipt for a taxi cab but has indicated that it was a cab taken by petitioner's expert, Dr. Ahmed. This cost (and all of Dr. Ahmed's costs) was already reimbursed by the previously assigned special master when she issued her Decision awarding interim costs. Decision, issued August 28, 2018 (ECF No. 84).

*Health & Human Servs.*, No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. Jun. 3, 2011) (reducing costs for excessive travel time).

Next, the submitted documentation indicates that petitioner and her husband purchased alcohol with their meal on August 29, 2017. Fees App. at 79. As previously noted, the Vaccine Program does not compensate for alcohol, and this rule applies to petitioners as well as their counsel. Accordingly, I shall reduce petitioner's costs by **$55.00** to account for the amount spent on alcohol at this meal.

Finally, petitioner requests $309.00 for a meeting with her rheumatologist, Dr. Patel. Fees App. at 93. Based upon the record, it does not appear that this appointment was scheduled for litigation purposes. Rather, the record from the visit reflects that petitioner was seeking a second opinion and clarification of a prior diagnosis she received. *See* Petitioner's Exhibit 102, ECF No. 59. Because Special Master Millman denied petitioner compensation for medical expenses, it would not be appropriate for me to compensate such an expense as part of the litigation costs. Accordingly, this cost will also be disallowed. Petitioner is therefore entitled to reimbursement of costs of **$2,349.55**.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $136,842.50 |
| (Reduction of Fees) | - ($8,875.81) |
| **Total Attorneys' Fees Awarded** | **$127,966.69** |
| | |
| Attorneys' Costs Requested | $4,433.19 |
| (Reduction of Costs) | - ($619.18) |
| **Total Attorneys' Costs Awarded** | **$3,814.01** |
| | |
| **Total Attorneys' Fees and Costs** | **$131,780.70** |
| | |
| Petitioner's Costs Requested | $2,939.03 |
| (Reduction of Costs) | - ($589.48) |
| **Total Petitioner's Costs Awarded** | **$2,349.55** |
| | |
| **Total Amount Awarded** | **$134,130.25** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, with the exception of the reductions outlined above, is reasonable. **Accordingly, I award the following:**

1) **A lump sum in the amount of $131,780.70, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Michael Firestone; and**

6

2) **A lump sum in the amount of $2,349.55, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).